IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01834-BNB

SIDNEY COOLEY,

Applicant,

v.

ANGEL MEDINA, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

ORDER OF DISMISSAL

Applicant, Sidney Cooley, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Cooley has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Jefferson County District Court case number 05CR1358.

On August 17, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On September 8, 2010, Respondents filed their Pre-Answer Response. On September 17, 2010, Mr. Cooley filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Cooley liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Cooley agreed to plead guilty to six counts of second degree burglary, and he was sentenced to consecutive terms of nine years in prison on each count, for a total of fifty-four years in prison. The Colorado Court of Appeals affirmed the sentences on direct appeal. *See People v. Cooley*, No. 06CA0510 (Colo. App. Mar. 29, 2007) (unpublished) (Doc. #9-3). On August 6, 2007, the Colorado Supreme Court denied Mr. Cooley's petition for writ of certiorari on direct appeal. (*See* Doc. #9-5.)

The parties agree that Mr. Cooley sent a letter to the trial court in October 2007 seeking reconsideration of his sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On October 30, 2007, in response to this incomplete Rule 35(b) filing, the trial court entered an order directing Mr. Cooley to submit a new pleading curing the defects. (*See* Doc. #9-11 at p.15.) Ultimately, on March 12, 2008, the trial court denied Mr. Cooley's motion for reconsideration of his sentence. (*See* Doc. #9-11 at p.14.) Mr. Cooley did not appeal from the denial of his motion for sentence reconsideration.

According to the register of actions for 05CR1358, in September 2008 Mr. Cooley filed in the trial court a motion to proceed *in forma pauperis* and a motion for discovery that apparently were denied on November 12, 2008. (*See id.*) On May 26, 2009, Mr. Cooley filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure that was denied on June 26, 2009. (*See id.*) The trial court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v.*

*Cooley*, No. 09CA1613 (Colo. App. July 1, 2010) (Doc. #9-10). Mr. Cooley did not file a petition for writ of certiorari to the Colorado Supreme Court in the postconviction proceedings.

The Court received the instant action for filing on July 26, 2010. Mr. Cooley asserts two claims for relief. He first claims that his constitutional right to due process was violated because he was sentenced by a different judge than the judge who accepted his guilty plea and he did not receive notice or an opportunity to prepare for sentencing before a new judge. Mr. Cooley asserts in his second claim that counsel was ineffective by advising him that he would be sentenced before the same judge who accepted his guilty plea and by failing to act on Mr. Cooley's request to seek speedy disposition of the charges.

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Cooley's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Cooley had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on August 6, 2007. He did not do so. Therefore, the Court finds that Mr. Cooley's conviction became final on November 5, 2007, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on November 5, 2007, because Mr. Cooley does not allege that he was prevented by

---

[1] The ninetieth day after August 6, 2007, was Sunday, November 4, 2007. Therefore, the filing period extended until Monday, November 5, 2007. *See* Sup. Ct. R. 30.1.

unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for each of his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the state court postconviction proceedings tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a

5

petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents argue that this action is time-barred because Mr. Cooley's Rule 35(b) motion was denied on February 12, 2008, and he did not file his Rule 35(c) motion until more than a year later on May 26, 2009. If the one-year limitation period expired before the Rule 35(c) motion was filed, the Rule 35(c) motion would not toll the one-year limitation period in accordance with § 2244(d)(2). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

In his reply to the Pre-Answer Response, Mr. Cooley correctly notes that his Rule 35(b) motion actually was pending for an additional forty-five days after the motion was denied on February 12, 2008, because he could have filed an appeal from the denial of that motion. *See* C.A.R. 4(b) (providing forty-five days to file a notice of appeal). As a result, the Court finds that the Rule 35(b) motion, which was filed before Mr. Cooley's conviction became final, tolled the one-year limitation period pursuant to § 2244(d)(2) from November 5, 2007, when the one-year limitation period began to run, through March 28, 2008, when the time for filing a notice of appeal from the denial of the Rule 35(b) motion expired. Mr. Cooley concedes in his reply to the Pre-Answer Response that his Rule 35(c) motion was filed more than a year after the Rule 35(b) proceedings concluded and that this action is untimely unless the one-year limitation period is tolled for equitable reasons. Mr. Cooley specifically argues that the one-year limitation period

should be equitably tolled because he alleges he did not receive notice that his Rule 35(b) motion had been denied until August 2008, approximately six months after the Rule 35(b) motion actually was denied in February 2008. Mr. Cooley also argues that equitable tolling is appropriate because he believed he had one year from the date he received notice that his Rule 35(b) motion had been denied.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Cooley shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Cooley must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Even accepting as true Mr. Cooley's allegation that he did not receive notice his Rule 35(b) motion was denied until August 2008, the Court finds that he fails to demonstrate equitable tolling is appropriate in this action. In August 2008, when Mr. Cooley alleges he received notice that the Rule 35(b) motion actually had been denied in February 2008, more than six months of the one-year limitation period still remained.

Mr. Cooley's mistaken belief that he still had a full year remaining is not an extraordinary circumstance that prevented him from filing in a timely manner. Although this mistaken belief arguably could satisfy an excusable neglect standard, a showing of excusable neglect is not sufficient to justify equitable tolling of the one-year limitation period. *See Gibson*, 232 F.3d at 808.

Furthermore, Mr. Cooley fails to demonstrate that he pursued his claims diligently once he discovered that the Rule 35(b) motion had been denied. Mr. Cooley concedes that he did not file his Rule 35(c) motion until May 26, 2009, which was nine months after he alleges he learned the Rule 35(b) motion had been denied, and he fails to provide any justification for this delay in the pursuit of his claims. In light of Mr. Cooley's discovery in August 2008 that the Rule 35(b) motion he believed to be pending actually had been denied in February 2008, his failure to file the Rule 35(c) motion for another nine months does not demonstrate he was pursuing his claims diligently. Although not argued by Mr. Cooley, the Court finds that the motions to proceed *in forma pauperis* and for discovery that Mr. Cooley filed in September 2008 also do not demonstrate that he pursued his claims diligently because there is no indication that either of those motions included any substantive claims for relief.

For all of these reasons, the Court finds that the application is barred by the one-year limitation period. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative argument that one of Mr. Cooley's claims is unexhausted and procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __5th__ day of __October__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01834-BNB

Sidney Cooley
Prisoner No. 91309
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Matthew S. Holman
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/6/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk